# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL D. SEVEL, ET AL.** | § | **PLAINTIFFS** |
| | § | |
| v. | § | Civil Action No. 1:10cv179HSO-JMR |
| | § | |
| **BP PRODUCTS NORTH AMERICA, INC.,** | § | **DEFENDANTS** |
| **ET AL.** | § | |

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

BEFORE THE COURT is Plaintiffs' Motion for Reconsideration filed June 4, 2010 [14-1]. Plaintiffs seek reconsideration of the Court's May 27, 2010 [11-1] Order, granting a stay of the proceedings in the above captioned cause. Defendants filed a Response in opposition to Plaintiffs' Motion on June 18, 2010 [17-1]. Having considered the submissions, the record in this case, and the relevant legal authorities, the Court finds that Plaintiff's Motion should be denied.

In their Motion for Reconsideration, Plaintiffs contend that Defendants' Motion to Stay, filed May 21, 2010 [6-1]: (1) failed to indicate whether the Motion was opposed; (2) failed to indicate whether the Motion was *ex parte* or deemed urgent and necessitous; and (3) was not accompanied by a docketed memorandum brief in support. Plaintiffs further contend that they relied on the Court's Uniform Local Rule to gauge their time for filing a response inasmuch as "defendants did not contact the plaintiffs to ascertain whether the plaintiffs opposed the motion." Pls.' Mot. for Reconsideration at pp.1-2. Plaintiffs request judicial review and the setting aside of the stay Order entered in this case. *See id.*

Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)(*quoting Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S. D. Miss. 1990)). "Reconsideration of a judgment is an extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments or present evidence that could have been raised prior to entry of judgment." *Keating v. North Oaks Medical Center*, No. 06-10557, 2007 WL 2155783, at * 1 (E.D. La. July 26, 2007)(*quoting Lafargue v. Jefferson Parish*, No. 98-3185, 2000 WL 174899, at *1 (E.D. La. Feb. 11, 2000)); *see also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 11 FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)

Here, the Court has previously considered responses filed to nearly identical motions to stay in other similar cases pending before this Court. The Court has nevertheless reviewed and considered the arguments advanced by Plaintiffs in their present Motion for Reconsideration, which are quite similar, in substance, to those arguments raised in other cases in opposition to requests for a stay of proceedings.

After careful consideration of Plaintiffs' arguments raised in its Motion for Reconsideration, the Response, the pleadings on file, and the relevant legal authorities, the Court finds that Plaintiffs' Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motion for Reconsideration, filed June 4, 2010 [14-1], in the above-captioned cause should be and hereby is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 13th day of July, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE